ORIGINAL FILED
DISTRICT COURT OF GUAM
APR 1-5 2005
MARY L.M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
APR 11 2005
MARY L.M. MORAN
CLERK OF COURT

Aquiningoc.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00026 |
| Plaintiff, | |
| vs. | AMENDED **PLEA AGREEMENT** |
| LESLIE ANN AQUININGOC, a/k/a LESLIE ANN AQUININGOC ABRAHAM, a/k/a LESLIE ANN REED, and a/k/a LESLIE ANN MURUGESU, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, LESLIE ANN AQUININGOC, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count III of an Indictment charging her with Perjury, in violation of Title 18, United States Code, Section 1621. The United States will move to dismiss Counts I and II at sentencing.

2(a) The defendant, LESLIE ANN AQUININGOC, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of marriage fraud, alien smuggling, and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense(s) to which she is pleading guilty. Cooperation will also include complying with all

reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any criminal schemes of which she does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular in Paragraph 9 of this plea agreement, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during her cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

//

3. The defendant, LESLIE ANN AQUININGOC, understands that the <u>maximum</u> sentence for Perjury is a term of five (5) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

3(b) If defendant cooperates as set forth in Paragraph 2, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines.

3(c) If the United States believes the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1, the United States will request the court to depart below the statutory minimum pursuant to Title 18, United States Code, § 3553(e), and may, as provided by Sentencing Guidelines 5K1.1, request the court to depart below the applicable guidelines range when fixing a sentence for defendant or may, within one year after sentencing herein, move the court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever guidelines range or sentence of incarceration the United States in its sole discretion deems appropriate. Defendant acknowledges that the United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Defendant further acknowledges that no promise of any kind has been made that a motion requesting such departure will be made except as otherwise provided herein.

The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U. S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the mandatory statutory minimum or the applicable Guidelines sentencing range:

-3-

    (1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

    (2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

    (3) the nature and extent of defendant's assistance;

    (4) any injuries suffered or any danger or risk of injury to defendant or her family resulting from any assistance provided by defendant; and

    (5) the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

  3(d) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

  4. The defendant understands that to establish a violation of Perjury as charged pursuant to 18 U.S.C. § 1621, the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant made a writing under penalty of perjury, as provided by Title 28, U.S.C. § 1746, in which she swore that she had not entered into a marriage with Stephen Titus Abraham for the purpose of gaining an immigration benefit;
>
> Second: the written statement was false; [handwritten: "was" inserted]
>
> Third: the false statement was material to the matter before the Immigration and Naturalization Service, a Form I-751 Petition to Remove the Conditions on Residence; and
>
> Fourth: the defendant acted willfully, that is deliberately and with knowledge that the written statement was false.

  5. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The defendant waives any right to have the facts

-4-

1   that determine her offense level under the Guidelines either alleged in the indictment or found by

2   a jury beyond a reasonable doubt. Instead, she agrees that the facts that determine her offense

3   level will be found by the court at sentencing by a preponderance of the evidence, and that the

4   court may consider any reliable evidence, including hearsay. The Government and the defendant

5   stipulate to the following facts for purposes of the Sentencing Guidelines:

6       (a) The defendant was born in 1970, and is a citizen of the United States.

7       (b) If the defendant cooperates with the United States by providing information

8   concerning the unlawful activities of others, the government agrees that any self-incriminating

9   information so provided will not be used against defendant in assessing her punishment, and

10   therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used

11   in determining the applicable Guidelines range.

12       (c) The sister and brother-in-law of Stephen Titus Abraham offered defendant money if

13   she would marry Stephen Titus Abraham, a citizen of India, for the purpose of bringing him to

14   the United States. Defendant agreed, and traveled to India, where she met Abraham and married

15   him December 20, 1999. Thereafter, defendant filed a Form I-130 Petition for Alien Relative,

16   requesting that a visa issue for Abraham to enter the United States as her husband. Abraham

17   filed a Form 230 Application for Immigrant Visa and Alien Registration, and received a visa to

18   come to the United States. He arrived on Guam May 30, 2001. Their marriage was a fraud; the

19   defendant and Abraham never lived together as husband and wife. On March 12, 2003,

20   defendant and Abraham executed a Form I-751 Petition to Remove the Conditions on Residence

21   based on their marriage. The Petition provided that the applicants sign their names certifying, under

22   penalty of perjury as provided by Title 28, U.S.C. § 1746, that the marriage had not been entered

23   into for the purpose of gaining an immigration benefit. This provision was material to the Form

24   I-751; the Immigration and Nationality Service would not remove an alien's conditions of

25   residence if in fact the marriage was a fraud. Defendant and Abraham willfully executed the

26   Form I-751, knowing that their certification was false.

27   //

28

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

6. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

7. Defendant understands that whether she has completely fulfilled all of the obligations under this agreement shall be determined by the sentencing court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

8. The defendant understands that her sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore

-6-

Case 1:05-cr-00026    Document 16    Filed 04/11/2005    Page 6 of 8

waives any right she may have to any speedy sentencing and hereby agrees to any continuance of her sentencing date as it may become necessary.

9. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. She agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from her conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

10. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) Her right to be represented by an attorney;

(c) Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

(d) That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

//

//

-7-

    (e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

    (f) That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

    (g) That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement; and

    (h) The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 3/31/05

LESLIE ANN AQUININGOC
Defendant

DATED: 3/31/05

JOHN T. GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 4/4/05

By: KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 4-4-05

RUSSELL C. STODDARD
First Assistant U.S. Attorney

-8-