ORIGINAL

1    Abraham.ple

2    LEONARDO M. RAPADAS
     United States Attorney
3    KARON V. JOHNSON
     Assistant U.S. Attorney
4    Suite 500, Sirena Plaza
     108 Hernan Cortez Avenue
5    Agana, Guam 96910
     Telephone: (671) 472-7332/7283
6    Telecopier: (671) 472-7334

7    Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM

MAY 24 2005

MARY L.M. MORAN
CLERK OF COURT

**FILED**
DISTRICT COURT OF GUAM

MAY 11 2005

MARY L.M. MORAN
CLERK OF COURT

8

9          **IN THE UNITED STATES DISTRICT COURT**

10             **FOR THE DISTRICT OF GUAM**

11    UNITED STATES OF AMERICA,      )    CRIMINAL CASE NO. 05-00026
                                )
12                Plaintiff,      )    *AMENDED*
                                )    **PLEA AGREEMENT**
13        vs.                  )
                                )
14                                 )
   STEPHEN TITUS ABRAHAM,      )
15                                   )
              Defendant.    )
16    _____ )

17        Pursuant to Rule 11(c)(1)(B), the United States and the defendant, STEPHEN TITUS

18    ABRAHAM, enter into the following plea agreement:

19        1. The defendant agrees to enter a guilty plea to Count III of an Indictment charging him

20    with Perjury, in violation of Title 18, United States Code, § 1621. The United States will move

21    to dismiss Counts I and II at sentencing.

22        2(a) The defendant, STEPHEN TITUS ABRAHAM, understands that the <u>maximum</u>

23    sentence for Perjury is a term of five (5) years imprisonment, a $250,000 fine, and a $100 special

24    assessment fee, which must be paid at the time of sentencing. Any sentence imposed may

25    include a term of supervised release of not more than three (3) years in addition to such terms of

26    imprisonment. Defendant understands that if he violates a condition of supervised release at any

27    time prior to the expiration of such term, the court may revoke the term of supervised release and

28    //

1  sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C.

2  § 3583(e)(3).

3      2(b)  If defendant pleads guilty to the charge as set forth above, the government will

4  recommend that defendant receive minimum term of incarceration recommended by the

5  Sentencing Guidelines.

6      2(c)  The government will recommend a fine within the Sentencing Guidelines range.  If

7  defendant is financially unable to immediately pay the fine in full, defendant agrees to make a

8  full disclosure of his financial status to the United States Attorney's Office by completing a

9  Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule.

10  Defendant understands that, by law, interest accrues on any remaining balance of the debt.

11      3.  The defendant understands that to establish a violation of Perjury as charged pursuant

12  to 18 U.S.C. § 1621, the government must prove each of the following elements beyond a

13  reasonable doubt:

14         First: the defendant made a writing under penalty of perjury, as
           provided by Title 28, U.S.C. § 1746, in which he swore that he had
15         not entered into a marriage with Leslie Ann Aguiningoc for the
           purpose of gaining an immigration benefit;

16         Second: the written statement was false;

17

18         Third: the false statement was material to the matter before the
           Immigration and Naturalization Service, a Form I-751 Petition to
           Remove the Conditions on Residence; and
19

20         Fourth: the defendant acted willfully, that is deliberately and with
           knowledge that the written statement was false.

21      4.  The defendant agrees that the Sentencing Guidelines apply to this offense.  The

22  defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2,

23  in calculating the applicable guidelines level.  The Government and the defendant stipulate to the

24  following facts for purposes of the Sentencing Guidelines:

25      (a)  The defendant was born . in        1964, and is a citizen of India.

26      (b)  If the defendant cooperates with the United States by providing information

27  concerning the unlawful activities of others, the government agrees that any self-incriminating

28

-2-

1 information so provided will not be used against defendant in assessing his punishment, and

2 therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used

3 in determining the applicable guidelines range.

4 (c) Defendant's sister_ or brother in law _offered Leslie Ann Aquiningoc money if she would marry the

5 defendant, a citizen of India, for the purpose of bringing him to the United States. Aquiningoc

6 agreed, and traveled to India, where she met the defendant and married him December 20, 1999.

7 Thereafter, Aquiningoc filed a Form I-130 Petition for Alien Relative, requesting that a visa issue

8 for defendant to enter the United States as her husband. Defendant filed a Form 230 Application

9 for Immigrant Visa and Alien Registration, and received a visa to come to the United States. He

10 arrived on Guam May 3 0, 2001. Their marriage was a fraud; Aquiningoc and the defendant

11 never lived together as husband and wife. On March 12, 2003, defendant and Aquiningoc

12 executed a Form I-751 Petition to Remove the Conditions on Residence based on their marriage.

13 The Petition provided that the applicants sign their names certifying, under penalty of perjury as

14 provided by Title 28, U.S.C. § 1746, that the marriage had not been entered into for the purpose

15 of gaining an immigration benefit. This provision was material to the Form I-751; the

16 Immigration and Nationality Service would not remove an alien's conditions of residence if in

17 fact the marriage was a fraud. Defendant and Aquiningoc willfully executed the Form I-751,

18 knowing that their certification was false.

19 (d) The defendant understands that notwithstanding any agreement of the parties, the

20 United States Probation Office will make an independent application of the Sentencing

21 Guidelines. The defendant acknowledges that should there be discrepancies in the final

22 sentencing guidelines range projected by his counsel or any other person, such discrepancies are

23 not a basis to withdraw his guilty plea.

24 5. In exchange for the Government's concessions in this plea agreement, the defendant

25 waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal

26 the sentence imposed in this case. He agrees to waive all constitutional challenges to the validity

27 of the Sentencing Guidelines. The defendant agrees that the government has bargained for a

28

-3-

criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

6. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

-4-

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense; and

(i) That this plea agreement has been translated into his native language and he fully understands it.

DATED: 4-28-05

STEPHEN TITUS ABRAHAM
Defendant

DATED: 4/28/05

G. PATRICK CIVILLE
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 5/10/05

By: KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 5-10-05

RUSSELL C. STODDARD
First Assistant U.S. Attorney

-5-