PROB 12B
(7/93)



FILED
DISTRICT COURT OF GUAM
DEC -5 2005
MARY L.M. MORAN
CLERK OF COURT

*United States District Court*

for

*District of Guam*

## Report for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Leslie Ann Aquiningoc**  Case Number: **CR 05-00026-001**

Name of Sentencing Judicial Officer:  Honorable S. James Otero, Designated Judge

Date of Original Sentence:  August 29, 2005

Original Offense:  Perjury, in violation of 18 U.S.C. §§ 2 and 1621

Original Sentence:  One year probation with conditions that the defendant: comply with all the rules and regulations of U.S. Probation; refrain from the use or possession of illegal controlled substances; submit to one urine sample within 15 days and two within 60 days, and additional urine samples as determined by U.S. Probation; participate in a substance abuse treatment program; participate in a mental health program; refrain from the use of any and all alcoholic beverages; perform 50 hours of community service; and pay a special assessment fee of $100.

Type of Supervision:  Supervised Release   Date Supervision Commenced:  August 29, 2005

### PETITIONING THE COURT

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

☒ To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer

ORIGINAL

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender
page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated the offender's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is the offender's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests the defendant must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Based on the information above, the probation officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision.

Reviewed by:
FRANK MICHAEL CRUZ
Chief U.S. Probation Officer
Date: 12/1/05

Respectfully submitted,
by: CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Date: 12/1/05

THE COURT ORDERS

- [ ] No Action
- [ ] The Extension of Supervision as Noted Above.
- [x] The Modification of Conditions as Noted Above.
- [ ] Other

RECEIVED DEC - 1 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

D. LOWELL JENSEN, U.S. Senior District Judge
December 5, 2005
Date

PROB 49
(3/89)

# United States District Court

for

*District of Guam*

## Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer

Witness: __CARMEN D. O'MALLAN__
U.S. Probation Officer

Signed: __LESLIE ANN AQUININGCOC__
Probationer or Supervised Releasee

__November 2, 2005__
Date